**UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA**

SABYN KURISKY,                    )    3:09-cv-00009-RCJ (RAM)
                                  )
       Plaintiff,                )
                                  )    **REPORT AND RECOMMENDATION**
  vs.                             )    **OF U.S. MAGISTRATE JUDGE**
                                  )
                                  )
MICHAEL J. ASTRUE,                )
Commissioner of Social Security,  )
                                  )
       Defendant.                )
_____)

       This Report and Recommendation is made to the Honorable Robert C. Jones, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR IB 1-4.

       Before the court is Plaintiff Sabyn Kurisky's Motion for Reversal of the Commissioner's Decision. (Doc. #15.)[1] Defendant Commissioner opposed the motion and filed a cross-motion to affirm the Commissioner's decision. (Doc. #17, 18.) There is no reply. After a thorough review, the court recommends that Plaintiff's motion be denied, and Defendant's motion be granted.

## I. FACTUAL AND PROCEDURAL BACKGROUND

       At the time of the Commissioner's final decision, Plaintiff was a thirty-year-old woman with a limited education who had past work experience as a waitress, hostess, and housekeeper. (Tr. 14.) Plaintiff filed an application for Disability Insurance Benefits (DIB) on March 10,

---

[1] Refers to the court's docket number.

1

2005, asserting that seizures, mild asthma, sleep apnea, a left arm problem, headaches, and short-term memory loss caused her to be permanently and completely disabled since March 1, 2000. (Tr. 41, 48, 64.) The Commissioner denied Plaintiff's applications initially and on reconsideration. (Tr. 41, 48.) On April 10, 2007, Plaintiff requested a hearing to challenge the Commissioner's determination. (Tr. 39.)

Plaintiff, represented by counsel, appeared and testified at the disability hearing on October 23, 2007. (Tr. 14, 477-507.) The Administrative Law Judge (ALJ) followed the five-stage procedure for evaluating disability claims, set forth in 20 C.F.R. § 404.1520, and found Plaintiff could perform her past relevant work as a housekeeper and could perform jobs as a hostess and cocktail server as those jobs are usually performed in the national economy. (Tr. 14-23.) Accordingly, in the decision issued on February 25, 2008, the ALJ found Plaintiff "not disabled" as defined in the Social Security Act. (*Id.*) Plaintiff appealed the decision, and the Appeals Council denied review. (Tr. 3-5.) Thus, the ALJ's decision became the final decision of the Commissioner. (*Id.*)

Plaintiff now appeals the ALJ's decision to the district court and argues that the ALJ improperly rejected the opinion of Plaintiff's treating physician. (Pl.'s Mot. for Reversal 4-6 (Doc. #15).)

## II. STANDARD OF REVIEW

The court must affirm the ALJ's determination if it is based on proper legal standards and the findings are supported by substantial evidence in the record. *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006). "Substantial evidence is more than a mere scintilla but less than a preponderance." *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005)(internal quotation marks and citation omitted). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). To determine whether substantial evidence exists, the court must look at the record as a whole, considering both evidence that supports and undermines the ALJ's decision. *Orteza v. Shalala*,

2

50 F. 3d 748, 749 (9th Cir. 1995). "However, if evidence is susceptible of more than one rational interpretation, the decision of the ALJ must be upheld." *Id.* at 749. The ALJ alone is responsible for determining credibility and for resolving ambiguities. *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999).

The initial burden of proof rests upon the claimant to establish disability. *Howard v. Heckler*, 782 F.2d 1484, 1486 (9th Cir. 1986); 20 C.F.R. § 404.1512(a). To meet this burden, a plaintiff must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. §423 (d)(1)(A).

### III. DISCUSSION

**A.   Sequential Process and ALJ Findings**

The Commissioner has established a five-step sequential process for determining whether a person is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140-41 (1987); *see* 20 C.F.R. §§ 404.1520, 416.920. If at any step the Social Security Administration (SSA) can make a finding of disability or nondisability, a determination will be made and the SSA will not further review the claim. *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003); *see* 20 C.F.R. §§404.1520(a)(4), 416.920(a)(4).

In the first step, the Commissioner determines whether the claimant is engaged in "substantially gainful activity"; if so, a finding of nondisability is made and the claim is denied. *Yuckert*, 482 U.S. at 140; 20 C.F.R. §§ 404.1520(b), 416.920(b). If the claimant is not engaged in substantially gainful activity, the Commissioner proceeds to step two. 20 C.F.R. §416.920(a).

The second step requires the Commissioner to determine whether the claimant's impairment or combinations of impairments are "severe." *Yuckert*, 482 U.S. at 140-41. An impairment is severe if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. § 416.920(c). If a claimant's impairment is so slight that it causes no more than minimal functional limitations, the Commissioner will find that the

3

claimant is not disabled. 20 C.F.R. § 404.1520. If, however, the Commissioner finds that the claimant's impairment is severe, the Commissioner proceeds to step three.

In the third step, the Commissioner determines whether the impairment is equivalent to one of a number of specific impairments listed in 20 C.F.R. pt. 404, subpt. P, app.1 (Listed Impairments). The Commissioner presumes the Listed Impairments are severe enough to preclude any gainful activity. 20 C.F.R. § 416.925(a). If the claimant's impairment meets or equals a listed impairment and is of sufficient duration, the claimant is conclusively presumed disabled. 20 C.F.R. § 404.1520(d). If the claimant's impairment is severe, but does not meet or equal a listed impairment, the Commissioner proceeds to step four. *Yuckert*, 482 U.S. at 141.

In step four, the Commissioner determines whether the claimant can still perform "past relevant work." 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can still do past relevant work, then he or she is not disabled for purposes of the Act. 20 C.F.R. § 404.1520(f). If, however, the claimant cannot perform past relevant work, the burden shifts to the Commissioner, *Yuckert*, 482 U.S. at 144, to establish, in step five, that the claimant can perform work available in the national economy. *Id.* at 141-42; *see* 20 C.F.R. §§ 404.1520(e), 404.1520(f), 416.920(e), 416.920(f). Application of steps four and five requires the Commissioner to review the claimant's residual functional capacity and the physical and mental demands of the work he or she did in the past. 20 C.F.R. § 404.1520(f),(g). "Residual functional capacity" (RFC) is what the claimant can still do despite his or her limitations. 20 C.F.R. § 404.1545. If the claimant cannot do the work he or she did in the past, the Commissioner must consider the claimant's RFC, age, education, and past work experience to determine whether the claimant can do other work. *Id.* If the Commissioner establishes that the claimant can do other work which exists in the national economy, then he or she is not disabled. 20 C.F.R. § 404.1566.

In the present case, the ALJ applied the five-step sequential evaluation process and found, at step one, that Plaintiff was not engaged in substantially gainful activity. (Tr. 15.) At step two, the ALJ found that the medical evidence established that Plaintiff is severely impaired

4

by a seizure disorder. (*Id.*) However, the ALJ found that Plaintiff does not have a severe mental impairment. (*Id.* at 15-16.) The ALJ concluded Plaintiff's impairments did not meet or equal the level of severity of any impairments described in the Listed Impairments either individually or in combination. (Tr. 17.) At steps four and five, the ALJ determined Plaintiff could perform her past relevant work as a housekeeper and could perform jobs as a hostess and cocktail server as those jobs are usually performed in the national economy. (Tr. 17-21.)

**B.     Rejection of Treating Physician's Opinion**

Plaintiff argues that the ALJ improperly rejected the opinion of her treating physician, Dr. Michele Kiser. (Pl.'s Mot. 5.) In particular, Plaintiff contends that (1) ALJ failed to credit Dr. Kiser's opinion that Plaintiff's mental impairment is severe and would significantly impact Plaintiff's ability to perform work, and (2) the ALJ failed to credit Dr. Kiser's opinion regarding Plaintiff's expected rate of absenteeism. (*Id.* at 5-6.) Defendant, on the other hand, argues that the ALJ properly concluded that Dr. Kiser's opinion is not entitled to controlling weight in any aspect. (Def.'s Cross-Motion 5-6 (Doc. #18).)

"To reject [the] uncontradicted opinion of a treating or examining doctor, an ALJ must state clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005)(citing *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995)). On the other hand, "[i]f a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Id.*

Here, Dr. Kiser's opinion in regard to the severity of Plaintiff's mental impairment and ability to work was contradicted by the opinions of Dr. Richard W. Lewis, Ph.D., a non-treating examining psychologist, and Dr. Jack Azara, Ph. D, a non-treating, non-examining, reviewing

psychologist. (Tr. 224- 36, 238-44.) Thus, the ALJ must have specified specific and legitimate reasons for rejecting Dr. Kiser's assessment of Plaintiff's mental impairment.[2]

"When there is conflicting medical evidence, the [ALJ] must determine credibility and resolve the conflict." *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992). An ALJ can show he or she has rejected the contradicted opinion of a treating physician with specific and legitimate reasons "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his [or her] interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1991) (citation and quotation omitted). The ALJ need not accept the opinion of any medical source, including a treating physician, "if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002).

Dr. Kiser is Plaintiff's primary care physician. (Tr. 502.) Dr. Kiser opined that Plaintiff has "very high and often unmanageable" anxiety, her "memory is somewhat erratic, and that she is "easily distracted and anxious." (Tr. 221-222.) In assessing Plaintiff's ability to work various types of jobs, Dr. Kiser concluded that Plaintiff's mental impairment will significantly impact her capacity to perform many work-related activities. (*Id.*) In Dr. Kiser's opinion, Plaintiff's mental impairment and treatment will cause her, on average, to be absent from work anywhere from three to eight times per month. (Tr. 222.) According to Dr. Kiser, Plaintiff will be unable to work for a period of one year or longer, and Plaintiff's mental impairment is likely to be a permanent condition. (Tr. 223.)

---

[2] Plaintiff argues that Dr. Kiser's opinion with respect to her absenteeism is uncontroverted because no other physician rendered a specific opinion of the work days Plaintiff could be expected to miss because of her mental impairment. (Pl.'s Mot. 6.) However, Dr. Lewis opined that Plaintiff's "principle barrier to employment appears to be physical in nature," which implies that Plaintiff's mental impairment is not a barrier to employment. (Tr. 242.) Morever, Dr. Araza opined that Plaintiff was only mildly limited in activities of daily living, maintaining social functioning, and maintaining concentration, persistence or pace. (Tr. 234.) Therefore, Dr. Kiser's opinion that Plaintiff's mental impairment would result her missing significant days at work is contradicted by Dr. Lewis's and Dr. Araza's conclusions that Plaintiff's ability to be employed and function in a work environment were not substantially impaired.

The ALJ properly rejected Dr. Kiser's opinion with specific and legitimate reasons. First, the ALJ noted that Dr. Kiser's assessment of Plaintiff's mental impairments was not supported by either a psychological evaluation or a mental status examination. (Tr. 16.) Furthermore, the ALJ noted that Dr. Kiser had not referred Plaintiff for further psychiatric evaluation despite finding that Plaintiff had such high levels of anxiety. (*Id.*) Second, the ALJ found that the remainder of the record and the report of Dr. Lewis contradicted Dr. Kiser's opinion that Plaintiff is extremely anxious and unable to maintain attention or concentration. (*Id.*) As an example, the ALJ pointed to Dr. Lewis's opinion that Plaintiff can perform complex and detailed instructions because her attention and concentration are intact. (*Id.*) Last, the ALJ concluded that Dr. Kiser's opinion that Plaintiff would have difficulties in interaction with others was contradicted by other evidence in the record. In support of his finding, the ALJ pointed to a report from a teacher that stated that the Plaintiff is active with her children's schooling and had interacted with the teacher without difficulty. (*Id.*) Additionally, the ALJ found that Plaintiff's ability to secure a position as a teacher's aide belied Dr. Kiser's assessment that Plaintiff suffered severe or high levels of anxiety. (*Id.*) In sum, the ALJ properly set out a detailed and thorough summary of the facts and conflicting medical evidence. After considering Dr. Kiser's medical source statement, the ALJ rejected her opinion with specific and legitimate reasons supported by substantial evidence.

After carefully reviewing the record as a whole, the district court should find there is substantial evidence to support the ALJ's determination.

## IV. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that Plaintiff's Motion for Reversal of the Commissioner's Decision (Doc. #15) be **DENIED**.

/ / /

/ / /

/ / /

/ / /

**IT IS FURTHER RECOMMENDED** that Defendant's Cross-Motion To Affirm Commissioner's Decision (Doc. #18) be **GRANTED** and that decision of the ALJ be **AFFIRMED**.

DATED: May 4, 2010.

_____
UNITED STATES MAGISTRATE JUDGE